671 A.2d 621

J.C. MITCHELL, PLAINTIFF–RESPONDENT, v. FIRST REAL ESTATE EQUITIES, INC., A NEW JERSEY CORPORATION, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 14, 1996—Decided February 29, 1996.

Before Judges BAIME, VILLANUEVA and KIMMELMAN.

*Feinstein, Raiss & Kelin,* attorneys for appellant (*Jessica L. Rogin,* on the brief).

Respondent, *J.C. Mitchell,* did not file a brief.

The opinion of the court was delivered by

KIMMELMAN, J.A.D. (temporarily assigned).

Defendant appeals from a Special Civil Part award of double damages in the amount of $758, for failure to refund to plaintiff the balance due on a security deposit pursuant to *N.J.S.A.* 46:8–21.1. We reverse and remand for the entry of judgment in accordance with this opinion.

The facts are relatively simple and not in dispute. The matter resolves itself into a determination as to when the lease in question was terminated and a mathematical calculation of the amount due. Plaintiff, as tenant, was subject to a one-year lease of an apartment located at 157 West Third Avenue, Roselle, New Jersey. The lease ran for a term from June 1, 1994, through June 1, 1995, at a monthly rental of $620. A security deposit with accumulated interest amounted to $979 and was held by defendant as landlord.

On February 7, 1995, without notice and without payment of the February rent, plaintiff surreptitiously vacated the apartment. After being informed by the building superintendent that the apartment was vacated, defendant notified plaintiff by letter dated February 15, 1995, sent by certified mail, that plaintiff "broke the lease agreement" and that rent for February 1995 and March 1995 totaling $1314 would be charged against the security deposit of $979, leaving a balance due defendant of $335. Immediate payment of $335 was demanded.

In an attempt to mitigate damages, defendant was able to re-rent the apartment commencing March 3, 1995, at a monthly rental of $600 or $20 per month less than the rent plaintiff was required to pay for each of the three months remaining under plaintiff's lease.

On March 6, 1995, plaintiff filed a *pro se* complaint in the Special Civil Part for the return of the security deposit of $979 claiming that he moved out on February 5, 1995, and that defendant had not returned his security deposit. Whether plaintiff moved out on February 5, 1995, or on February 7, 1995, as claimed by defendant, is not now material.

At the trial, defendant's counsel conceded owing plaintiff $359 but offered no calculation to support that figure. Nevertheless, the trial court, without inquiring as to the method of calculation, accepted that figure, doubled it because the balance of the security deposit had not been returned to plaintiff within 30 days of

February 5, 1995, and arrived at a judgment of $758 [1] plus court costs. Simply put, the trial court, without taking any testimony, failed to consider that it was plaintiff who breached the lease.

The preliminary issue is when the 30–day period for the doubling of security deposit funds begins to run. *N.J.S.A.* 46:8–21.1 provides in pertinent part as follows:

> Within 30 days after the termination of the tenant's lease ..., the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest or earnings accumulated thereon, less any charges expended in accordance with the terms of a ... lease ... to the tenant.... The interest or earnings and any such deductions shall be itemized and the tenant ... notified thereof by personal delivery, registered or certified mail.
>
> ....
>
> In any action by a tenant ... for the return of moneys due under this section, the court upon finding for the tenant ... shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorney's fees.

Here, the plaintiff's (tenant's) lease ran until June 1, 1995, and was not terminated by plaintiff's premature vacation of the apartment whether it was on February 5, 1995 or February 7, 1995. Plaintiff's moving out was a breach of the lease rather than a termination within the meaning of the statute. Accordingly, the 30–day period within which the security deposit must be returned did not commence to run on either of said dates. Because of defendant's successful effort at mitigation, we regard the termination of the lease to have been March 3, 1995, the date on which defendant was able to re-let the apartment and definitively determine its damages. Under such circumstances, the statutory 30–day period would then begin to run.

As noted above, on March 6, 1995, plaintiff filed a complaint in the Special Civil Part to recover double the amount of the $979 security deposit alleging that he moved out on February 5,

---

[1] The amount of $758 was erroneous in and of itself because earlier in the hearing the court calculated the total judgment to be $718 plus court costs of $25.00.

1995 and 30·days had elapsed without its full return. Plaintiff, in his complaint, ignored mention of defendant's letter of February 15, 1995, advising him that the lease ran until June 1, 1995, and that his security deposit was insufficient because rent was claimed for the months of February and March. Apparently, when the complaint was filed, plaintiff was unaware that defendant had been able to re-let the apartment just three days earlier. Thus, the filing of the complaint was premature because, as far as plaintiff knew or should have known, he had breached the lease and it had not been terminated by his earlier moving out without paying the February and March rent.

The filing of the complaint, for the purpose of recovering double damages under *N.J.S.A.* 46:8–21.1, was also premature since the statutory 30–day period, which we now hold commenced on the date of the re-letting, had not yet expired. The date of the re-letting determines the date of the "termination" of the breached lease under *N.J.S.A.* 46:8–21.1 because that date establishes the earliest time when the landlord can fix damages and determine the amount of the security deposit that may be retained or must be returned.

As of March 3, 1995, defendant's damages are calculated as follows: $620, being the rent due for February 1995, and $60, equal to $20 per month lost by defendant because of the lower rental being received for each of the three months remaining under the breached lease.[2] Thus, the aggregate of the damages incurred by defendant is $680 and deducting that sum from the security of $979 leaves a balance due plaintiff of $299.

---

[2] We have chosen to ignore that part of paragraph 3 of the lease which calls for a late charge of $75 for a rental payment more than 5 days late. It would appear that $75 is excessive in relation to a monthly rental of $620. Defendant makes no claim for the late fee as part of its damages, perhaps for the same reason. Neither does defendant make claim for an administration fee of $75 under paragraph 8 of the lease to cover its costs for processing the re-letting of the apartment.

In our view, the premature filing of the complaint before the running of the statutory 30–day period bars plaintiff from recovering double the amount due. It was not until the March 3, 1995 reletting that plaintiff became entitled to any recovery of his security deposit.

Accordingly, the judgment appealed from is reversed and this matter is remanded to the Special Civil Part with instructions to enter judgment for $299 in favor of plaintiff without costs and without attorney's fees.